IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVES ARTIS | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT FOLINO, et al. | : | NO. 11-6513 |

**O R D E R**

**AND NOW**, this 10th day of January, 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, and consideration of Petitioner's Objections to the Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**[1];

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

---

[1] Petitioner objects to the Magistrate Judge's recommendation that his Petition is time barred and that he is not eligible for equitable tolling. A habeas petitioner is "'entitled to equitable tolling'" of the one-year statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562-63 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner contends that he pursued his rights diligently, and only filed his petition after the statute of limitations had run because his then counsel advised him that he had one year to file his habeas petition after the Superior Court decision denying his Post-Conviction Relief Act petition became final. The United States Court of Appeals for the Third Circuit has rejected the argument that "an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling." Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (citations omitted). Petitioner has asserted the existence of no other extraordinary circumstances that he argues warrant equitable tolling. We conclude that Petitioner "has not shown extraordinary circumstances to warrant equitable tolling of the . . . statute of limitations. Although he received erroneous advice, [Petitioner] was not prevented in an extraordinary way from asserting his rights." Id. Petitioner's objections to the Report and Recommendation are, therefore, overruled.

3. The Petition for Writ of Habeas Corpus is **DENIED**;

4. There is <u>no</u> basis for the issuance of a certificate of appealability;

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.